UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────
In re

PERRY H. KOPLIK & SONS, INC.,

                Debtor.

───────────────────────────────────────────────    Chapter 11
    Case No. 02-B-40648 (REG)

MICHAEL S. FOX, as Litigation Trustee of
PERRY H. KOPLIK & SONS, INC.,
                              Adversary Proceeding
                Plaintiff,       No. 05-01136 (REG)

                      v.

BANK MANDIRI, formerly known as
BANK DAGANG NEGARA,

                Defendant.
───────────────────────────────────────────────

## DECISION ON MOTION FOR A STAY PENDING APPEAL

APPEARANCES:

KELLEY DRYE & WARREN LLP
Counsel for Plaintiff Michael S. Fox, Litigation Trustee of Perry H. Koplik & Sons, Inc.
101 Park Avenue
New York, New York 10178
By:   Robert S. Friedman, Esq.
        Alison MacGregor, Esq.

WHITE & CASE LLP
Counsel for Defendant Bank Mandiri, formerly known as Bank Dagang Negara
701 Thirteenth Street, N.W.
Washington, D.C. 20005
By:   Carolyn B. Lamm, Esq.
        Francis A. Vasquez, Jr., Esq.
        Nicole Erb, Esq.

BEFORE:           HON. ROBERT E. GERBER
                  UNITED STATES BANKRUPTCY JUDGE

In this adversary proceeding under the umbrella of the chapter 11 case of Perry H. Koplik & Sons, Inc., defendant Bank Mandiri moves for a stay of all discovery and proceedings pending its appeal of this Court's earlier decision of October 23, 2006,[1] in which this Court denied Bank Mandiri's motion to dismiss the amended complaint.

The motion is denied. Bank Mandiri fails to satisfy at least one of the four prongs governing whether a stay should be granted.

## Facts

This decision will assume familiarity with the facts,[2] and no new facts or evidence have been presented on the instant motion. Accordingly, this decision will not burden the record with a recitation of the facts pertinent to this motion. Rather, this decision will turn now to a discussion of the law and its applicability to the circumstances of this case.

## Discussion

Bankruptcy Rule 8005 provides, in relevant part, that a motion for a stay of a bankruptcy court order pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.[3] Granting a stay is within the discretion of the bankruptcy court.[4] Rule 8005 does not prescribe a standard to determine whether a stay should be granted. Most courts have adopted a four-part test requiring them to consider: (1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; (2) whether the movant will suffer irreparable injury

---

[1] *In re Perry H. Koplik & Sons, Inc.*, 2006 WL 3017346 (Bankr. S.D.N.Y. Oct. 23, 2006).

[2] *See id.* for a more detailed discussion of the facts.

[3] *See* Fed. R. Bankr. P. 8005.

[4] *See In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985) (Schwartzberg, J.).

without a stay; (3) whether any party will suffer substantial injury if a stay is issued; ***and*** (4) whether public interests may be implicated.[5]

The test for granting a stay under Bankruptcy Rule 8005 is conjunctive—as noted by the word "and" between the third and fourth factors. Thus, each of the four requirements must be satisfied.[6] With that established, this decision will turn to each of the four relevant factors, starting with the second factor—the requirement for irreparable injury in the absence of a stay—because analysis under that factor is more obvious than the others, and because, even without considering the other factors, Bank Mandiri has failed to make the necessary showing under the four-part test.

I.

Second Factor - Irreparable Injury

Bank Mandiri has failed to demonstrate that it will be irreparably harmed if the bankruptcy proceedings are not stayed. "A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay. Under that test, the moving party must demonstrate that such injury is likely before the other requirements will be considered."[7] "The moving party is required to show that injury is imminent, not remote or speculative."[8]

---

[5] *See, e.g., Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992) (standard developed under Rule 8A of the Federal Rules of Appellate Procedure, from which Bankruptcy Rule 8005 is directly adapted); *In re Metiom, Inc.*, 318 B.R. 263, 267 (S.D.N.Y. 2004) (Marrero, J.).

[6] *In re Crosswinds Assocs.*, 1996 WL 350695, at *2 (S.D.N.Y. June 25, 1996).

[7] *In re City of Bridgeport*, 132 B.R. 81, 83 (Bankr. D. Conn. 1991) (citing *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)); *see also In re Enron Corp.*, 2006 WL 2400411, at *3 (Bankr. S.D.N.Y. May 10, 2006) ("A showing of irreparable harm is a necessary threshold for a Rule 8005 motion.").

[8] *In re City of Bridgeport*, 132 B.R. at 83.

Bank Mandiri argues that failure to stay the bankruptcy proceedings will result in harm because "Bank Mandiri would be required to expend significant time and resources to defend a lawsuit that is entirely duplicative of the claims and issues that Bank Mandiri already litigated in Indonesia."[9] But that is not irreparable injury.

Bank Mandiri will not suffer any harm, let alone irreparable harm, if a stay is denied. Bank Mandiri's desire to avoid discovery, produce documents, and provide witnesses is not "imminent" irreparable harm. There is no irreparable injury in defending a lawsuit and complying with the requirements of discovery.[10] The notion that defending a lawsuit amounts to "irreparable injury" strikes this Court as absurd. And the added fact, that seemingly is argued to make this a special case, that defending the action would assertedly be duplicative or wasteful, hardly elevates the defense of an action to an injury, much less an irreparable one.

Failure to satisfy one factor dooms a motion for a stay pending appeal.[11] Thus, the determination that Bank Mandiri failed to demonstrate that it will be irreparably harmed if the bankruptcy proceedings are not stayed suffices as a basis to deny its motion for a stay pending appeal. This decision nonetheless will briefly discuss the remaining three factors.

---

[9] Bank Mandiri Br., at 7 (ECF #31, Nov. 17, 2006).

[10] *See In re Enron Corp.*, 2006 WL 2400411, at *2 ("[T]he costs of discovery are generally not a recognizable injury under Rule 8005.).

[11] *See In re Metiom*, 318 B.R. at 271 (finding that a party seeking a stay was "not likely to suffer irreparable harm as a result of a 2004 examination"); *In re Turner*, 207 B.R. 373, 376 (2d Cir. B.A.P. 1997) (finding no irreparable harm where a foreclosure sale was pending).

II.

First Factor – Substantial Possibility of Success On the Merits

Under the first prong, Bank Mandiri also must show that it has a substantial possibility of success on appeal.[12] Bank Mandiri's motion is deficient in this respect as well.

Many of the points Bank Mandiri initially argued in support of its motion to dismiss this action, and avoid the need to defend on the merits, are no longer pressed now. Bank Mandiri no longer seems to be contending that it has a substantial possibility of success on its contentions that the Second Indonesian Supreme Court Decision, which dismissed the action for lack of a notarial flag on the power of attorney, was on the merits; that the reservation of rights in the plan was deficient; or that the initial failures to provide translated copies of the summons and complaint warranted dismissal. It argues instead, principally or exclusively, that the Kertasindo decision gives rise to *res judicata* or collateral estoppel, and that this Court erred in denying Bank Mandiri's motion to dismiss and its arguments for comity.

Bank Mandiri argues that this Court's earlier finding that the Kertasindo decision was "provisional" raises a "serious legal question" because "it is well established that decisions are final for preclusivity purposes even when subject to appeal."[13] But the order, dated July 15, 2003, provided that Bank Mandiri "suspend the payment" of the Letter of Credit "*until the judgment for this case has been final, binding and*

---

[12]  *See, e.g., In re Turner*, 207 B.R. at 376-77.

[13]  Bank Mandiri Br., at 5.

*enforceable.*[14]  Moreover, Bank Mandiri's own expert described the Kertasindo decision as provisional.[15]  And the determination that the Kertasindo decision was provisional, of course, is wholly separate from the issues as to comity.

Then turning to comity, as this Court stated in its earlier decision, there is little in the way of possibilities of success.  First, of course, a decision to grant comity to the determination of a foreign court is a matter within the court's discretion,[16] as to which the party seeking to invoke comity has the burden of establishing that the foreign court's determination is appropriate.  There is little likelihood that this Court's earlier finding of an issue of fact in this regard, based on plainly admissible evidence, would be held to be an abuse of discretion.

Second, Bank Mandiri is not appealing, but is seeking leave to appeal, and there is little likelihood that it could satisfy any of the three prongs for getting such leave, especially after the Second Circuit's decision in *Century International Arms*,[17] holding that a district court's dismissal of an action in the U.S. on comity grounds was an abuse of discretion, and suggesting that, at most, a stay of the U.S. action, and not dismissal, might be appropriate.  And the *Century International Arms* decision is especially on point because this Court found in its earlier decision an issue of fact as to the granting of comity, rather than making a final decision on it:

---

[14]  Sardjono Decl. Exh. B at 128 (ECF #11, Part 5, May 30, 2005) (emphasis added); *see also* Bank Mandiri Reply Br. on its earlier motion, at 10 (ECF #16, July 1, 2005) (quoting that language).

[15]  Guatama Decl. ¶8, ¶10 (ECF #16, Part 9, July 1, 2005) (stating "the Surabaya District Court issued an Injunction against Bank Mandiri ordering Bank Mandiri to suspend the payment on [the Letter of Credit]" and "[u]nder Indonesian law an injunction issued by the court is a provisional legal measure to maintain the status quo while the case is pending").

[16]  *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993).

[17]  *Royal and Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88 (2d Cir. 2006).

-6-

> At the least, Bank Mandiri is not entitled to dismissal on motion on comity grounds. The decisions by Judge Chin and the Second Circuit in *Bridgeway* could be argued to suggest that this Court should rule more broadly—that like Judge Chin, this Court should not just decline relief on motion to the party invoking comity, but should reject the application of comity in the case for all time. But this Court does not need now to decide whether Bank Mandiri deserves another opportunity to relitigate the comity issues it has raised here. It is sufficient, for purposes of this determination, for the Court to say that Bank Mandiri plainly has not established a basis for dismissal on comity grounds on motion. Each side can have a reservation of rights with respect to further matters down the road.[18]

Appellate courts do not normally find the requirements for leave to appeal to have been satisfied on issues where the lower court has found there to exist an issue of fact.

Third, even where a foreign action could be deemed to be adequate—and here the Litigation Trustee has raised, at the least, issues of fact as to this—the Second Circuit declared in *Century International Arms* that "[t]he existence of a parallel action in an adequate foreign jurisdiction must be the beginning, not the end, of a district court's determination of whether abstention is appropriate," and "the mere existence of an adequate parallel action, by itself, does not justify the dismissal of a case on grounds of international comity abstention."[19]  And in that case, the foreign proceeding was in Canada, whose courts would not raise the same issues as to whether they could "fairly resolv[e] all the rights of the parties."[20]

---

[18]    *In re Perry H. Koplik & Sons, Inc.*, 2006 WL 3017346, at *7 (Bankr. S.D.N.Y. Oct. 23, 2006).

[19]    *Century International Arms*, 466 F.3d at 95.

[20]    *Id.* at 96.

And fourth, this Court also disagrees, strongly, with the notion that *Bridgeway*[21] can be sloughed off as Bank Mandiri would like to do. In fact, *Bridgeway* goes further than this Court's earlier decision did. This Court's earlier decision simply found an issue of fact as to the fairness of the Indonesian courts based upon clearly admissible, non-hearsay evidence.[22] But in *Bridgeway*, the Second Circuit approved Judge Chin's grant of summary judgment against the party seeking comity. Here, Koplik was haled into court in the Kertasindo proceeding (like Citibank was haled into court in Liberia), and the argument is made that the Litigation Trustee should be held to be judicially estopped by reason of being a plaintiff in other litigation (*i.e.*, the litigation that led to the Second Indonesian Supreme Court decision), like Citibank had been a plaintiff in Liberia. The fact that the litigation in the two actions here is more closely related is not determinative, as the issue is one of judicial estoppel. And as to that, picking up on the point that both Judge Chin and the Second Circuit noted, here the Litigation Trustee, like Citibank in *Bridgeway*, "never took the position" in the foreign proceedings that proceedings in the foreign court were impartial.[23] And that is by far the most important element of any judicial estoppel analysis.

Fifth, it strikes this Court as absurd that Bank Mandiri suggests that it can get out of this case on motion based on its contention that this Court erroneously held there to be an issue of fact as to whether corruption was pervasive in the Indonesian courts. First, this argument might be, at most, usable to prevent summary judgment the *other way* on the issue, as was granted in *Bridgeway*. And this Court has not yet held, even though

---

[21] *Bridgeway Corp. v. Citibank*, 45 F. Supp. 2d 276 (S.D.N.Y. 1999), *aff'd* 201 F.3d 134 (2d Cir. 2000).

[22] *Koplik*, 2006 WL 3017346, at *7.

[23] *See Bridgeway*, 45 F. Supp. 2d at 283; 201 F.3d at 141.

*Bridgeway* suggests that, in its discretion, it could, that Bank Mandiri is foreclosed from arguing comity in the future. It is hardly sufficient to justify a holding contrary to the Litigation Trustee's evidence in this regard. And secondly, this Court cannot agree that Bank Mandiri "submitted evidence that there was not any corruption in the specific Indonesian judicial proceedings."[24] Bank Mandiri's proof never addressed the existence or nonexistence of corruption, and never even used the word. What it said was that judicial review proceedings are routine in the Indonesian judicial system (which proves nothing), that its witness had not seen anything in the specific judicial review proceedings that he regarded as unusual, and that *he* had not encountered any irregularities or witnessed any evidence of bribery or corruption in those specific proceedings. Even assuming it to be true, that one declarant did not *witness* the bribery or corruption is hardly conclusive that it was absent in the case.

III.

Third and Fourth Factors

The third and fourth factors are not as significant here as the first factor, and, especially, the second. The Litigation Trustee has a legitimate interest in having this litigation go forward, especially since discovery has already been substantially delayed inexplicably since last October, when this Court denied the motion to dismiss. This is a private commercial dispute, but it arises in connection with the dishonor of a letter of credit. Bank Mandiri is, of course, entitled to show, on the merits, why the requirements for honoring the letter of credit were not satisfied, but letters of credit have great importance to the international financial community, and the predictability of letter of

---

[24] Bank Mandiri Br., at 5 (ECF #31, Nov. 17, 2006).

credit contractual commitments is a matter of substantial public concern.  That does not mean, of course, that a letter of credit should be paid on when the requirements for honoring it have not been satisfied, but there is a public interest in ensuring that issues related to the enforcement of a letter of credit are considered on the merits.

<u>Conclusion</u>

Bank Mandiri has failed to demonstrate that it is entitled to a stay of all discovery and proceedings pending appeal.  The first and, especially, the second factors each, individually, dictate the denial of a stay.

The motion is denied.

SO ORDERED.

Dated:  New York, New York                    *s/ Robert E. Gerber*
       March 13, 2007                              United States Bankruptcy Judge