UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re

PERRY H. KOPLIK & SONS, INC.,

        Debtor.

_____    Chapter 11
                                               Case No. 02-B-40648 (REG)

MICHAEL S. FOX, as Litigation Trustee of
PERRY H. KOPLIK & SONS, INC.,

                                               Adversary Proceeding
        Plaintiff,                    No. 05-01136 (REG)

        v.

BANK MANDIRI, formerly known as
BANK DAGANG NEGARA,

        Defendant.
_____


BENCH DECISION ON DEPOSITION
COST-SHIFTING

APPEARANCES:

KELLEY DRYE & WARREN LLP
Counsel for Plaintiff Michael S. Fox, Litigation Trustee of Perry H. Koplik & Sons, Inc.
101 Park Avenue
New York, New York 10178
By:  Robert S. Friedman, Esq.
      Alison MacGregor, Esq.

WHITE & CASE LLP
Counsel for Defendant Bank Mandiri, formerly known as Bank Dagang Negara
701 Thirteenth Street, N.W.
Washington, D.C. 20005
By:  Carolyn B. Lamm, Esq.
      Francis A. Vasquez, Jr., Esq.
      Nicole Erb, Esq.

BEFORE:          HON. ROBERT E. GERBER
                 UNITED STATES BANKRUPTCY JUDGE

I've considered the parties' requests for cost shifting in connection with the depositions of defendant witnesses. I'm ruling that each side shall bear its own travel costs (for each of witness and counsel) in the first instance, with any such costs to be recoverable as taxable costs in favor of the prevailing party at the conclusion of the litigation.

The cases involving depositions of defendants, who are haled into the forum but wish to have depositions at an out-of-district residence, establish that there is a general rule that defendants will be deposed at the place of their residence. *See Mill-Run Tours,* 124 F.R.D. at 550; *Six West*, 203 F.R.D. at 107. However, "this rule is often honored in the breach." *See Mill-Run Tours* at 550, and the cases cited therein. The general rule gives rise to what we can call a rebuttable presumption, that facilitates determination when other relevant factors do not favor one side or the other. *See Mill-Run Tours* at 550. It's also been said that a plaintiff can overcome the presumption if it shows "peculiar" circumstances favoring depositions at a different location. *See Six West* at 107.

In that connection, it's been repeatedly held that the presumption I just referred to loses its force in cases where the plaintiff's choice of forum is effectively constrained. *Six West,* 203 F.R.D. at 107; *Mill-Run Tours*, 124 F.R.D. at 550; *Dagen*, 2003 WL 21910861 at *3, and the cases cited therein. Here we have exactly that situation. Here the decision to sue in New York was effectively constrained, by reason of matters that I addressed in my decision on the motion to dismiss. *See* 357 B.R. 231.

Thus I turn to other factors, involving matter such as cost, convenience and litigation efficiency. Here the parties have agreed on another locale for the taking of Bank Mandiri's deposition, though I might well have ordered the deposition to take place in New York if asked. *See Mill-Run Tours*, 124 F.R.D. at 553. The parties have determined that convenience and litigation efficiency suggests taking the deposition at a place where airline flight access is most efficient, and there is no reason for me to second-guess that determination. So we then get back to cost—not so much ultimate cost, as I believe I can direct that the cost be absorbed by the losing party at the end—but in up-front cost, in the light of parties' liquidity.

Under these circumstances, I will not require the Litigation Trustee to advance Bank Mandiri's travel expenses. An estate fiduciary is suing on behalf of an estate of limited resources, and there is insufficient reason, in my view, for the estate fiduciary to be required to advance the travel expenses for a bank that dishonored the letter of credit not by reason of a financial inability to pay on it, but rather because it concluded that it did not have to, or want to, pay. After consideration of the merits, it could turn out that Bank Mandiri did not have to pay, but the issue now is whether I should require the Litigation Trustee to advance Bank Mandiri's litigation costs. Bank Mandiri has not argued that it lacks the financial resources now to advance the costs of its own witness or witnesses and counsel. This case is quite different from Judge Keenan's decision in *La Antillana*, 1990 WL 155727, and Judge Motley's decision in *Dagen*, 2003 WL 21910861 (each of which endorsed Judge Francis' legal analysis in *Mill-Run Tours* and considered the factors Judge Francis enunciated in that case), where a plaintiff with substantial resources proposed to make a defendant with very limited resources do the traveling. If anything, it's the exact opposite. I'm concerned, as was Judge Grubin in *Stillman*, see

102 F.R.D. at 287, that the financial burden on the Perry Koplik estate, if it were required to advance Bank Mandiri's expenses, could impair the ability of the Litigation Trustee to pursue this case effectively.

Other cases cited by Bank Mandiri merely stated the general legal standards described above, *see Dagen*, 2003 WL 21910861 at *2, *Auscape International*, 2003 WL 1565952 at *1, *Snow Becker Krauss*, 1992 WL 395598 at *3, and *Gulf Union Insurance*, 1992 WL 51532 at *5, and involved different fact patterns.  For example, *Hallwood* involved an effort to depose the 30(b)(6) designee of the *plaintiff,* when the plaintiff brought suit in New York and apparently was unwilling to produce its designee in New York, the forum in which it had brought the suit.  In *Sugarhill*, 105 F.R.D. at 172, Judge Kram ruled that the defendant Motown should produce one witness in New York, or alternatively pay the airfare and hotel costs of counsel for the plaintiff Sugarhill if the deposition were taken in California (a result the Litigation Trustee here would presumably welcome, though he did not ask for it), but that if any additional witnesses were desired, plaintiff Sugarhill would then pay the defendant Motown's reasonable expenses in producing such other witnesses in New York.

The only case that was brought to my attention that required the party with the least financial resources to pay was *Murray v. Palmer*, 2006 WL 2516485, erroneously referred to in Bank Mandiri's e-mail as a case in the Southern District of New York, but actually in the Northern District.  There a magistrate judge in that district made a pro se plaintiff who was proceeding *in forma pauperis* pay the costs of taking a deposition the pro se plaintiff desired.  It didn't involve travel costs, but rather involved shifting the cost of hiring a court reporter or videographer.  The *Murray* court did indeed say that "plaintiff's argument that he should be excused from the requirements of having to pay

-4-

the costs of a deposition because he is a 'poor plaintiff' is unpersuasive." But the case involved an incarcerated plaintiff in a prisoner assault §1983 action who wanted to take one or more depositions by using a family video camera, presumably in that very district. *Murray* may well be understood as in the context of the plaintiff's request that he be excused from the fundamental cost of taking the deposition itself—something that the Litigation Trustee here will pay for, so far as I can tell, without objection. The *Murray* court did not have occasion to address, and did not address, the Southern District law discussed above, including the law—most significantly Judge Grubin's decision—that makes the parties' relative ability to advance the costs an appropriate factor to consider. If *Murray* were read to go beyond the facts it there addressed, it would be contrary to the law in this district, and I am unwilling to regard it as trumping the principles set forth above.

I am, however, ordering that reasonable transportation costs incurred by either side in connection with foreign depositions in this controversy will be a cost taxable in the winning party's favor if it prevails at the time of the disposition of this adversary proceeding. *See Abdullah,* 154 F.R.D. at 593, and *Stillman,* 102 F.R.D. at 288. *Cf. also Mill Run Tours,* 124 F.R.D at 550 (where that was done by agreement).

At this juncture, each party will bear its own costs with respect to any depositions abroad, subject to reallocation of the cost to the losing party at the conclusion of the litigation.

SO ORDERED.

Dated: New York, New York                    *s/Robert E. Gerber*
August 2, 2007                                United States Bankruptcy Judge